## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff/Respondent, | ) |
| | ) |
| v. | ) No. CIV-11-32-FHS |
| | ) |
| WENDELL SCOTT WORKMAN, | ) |
| | ) |
| Defendant/Petitioner. | ) |

## OPINION AND ORDER

On January 14, 2009, Defendant/Petitioner, Wendell Scott Workman, was charged in a three-count second superseding indictment in Case No. CR-08-62-FHS with Possession of an Unregistered Firearm, in violation of 26 U.S.C. §§ 5845, 5861(d) and 5871 (Count One), Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Two), and Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count Three). On February 17, 2009, Mr. Workman entered a guilty plea as to Count Three. At a July 15, 2009, sentencing hearing, the Court sentenced Mr. Workman to a term of 188 months imprisonment and a term of 60 months of supervised release as to Count Three. The remaining counts against Mr. Workman were dismissed by the Government. On July 16, 2009, a Judgment and Commitment was entered as to Mr. Workman. No appeal was filed by Mr. Workman.

On January 24, 2011, Mr. Workman filed a Motion Under 28 U.S.C. § 2255 (Dkt. No. 1) seeking to have his conviction in Case No. CR-08-62-FHS vacated, set aside or corrected. Mr. Workman purports to have "new evidence" that a fraud was committed by state and federal prosecutors and he claims, contrary to his statements under oath at the plea colloquy, that he never had possession of

1

ammunition as charged in Count Three. Mr. Workman asserts in general terms that his counsel was ineffective and that his case involved a concealing of unspecified documents. In his reply to the government's response[1], Mr. Workman references the dismissal of his state charge as "newly discovered evidence" of fraud[2] and, further, that he "does not fit the criteria of an 'armed career criminal' for purposes" of 18 U.S.C. § 924(e).[3]

Motions under section 2255 must typically be filed within one year of the date on which the conviction became final. See 28 U.S.C. § 2255(f)(1). Mr. Workman's conviction was entered on July 16, 2009, and it became final on July 30, 2009 - the end of the ten-day period, exclusive of weekends and holidays, in which Defendant could have, but did not, file his appeal. See Fed.R.App.P. 4(b)(1)(A)(i).[4] Thus, under the one-year time frame

---

[1] After Mr. Workman filed his reply to the government's response, Mr. Workman requested, and the Court granted, an extension for Mr. Workman to file a supplemental reply by May 2, 2011. No supplemental reply was filed by the May 2, 2011, deadline.

[2] The state prosecutor moved to dismiss Mr. Workman's state charges for the reason that Mr. Workman had been convicted on related federal charges in Case No. CR-08-62-FHS. The state court judge granted the motion on September 28, 2009. Such a dismissal is certainly no evidence of fraud on the part of the federal prosecutors. To the extent it somehow could be construed as evidence of fraud, Mr. Workman's January 24, 2011, motion is nonetheless not timely as the dismissal took place on September 28, 2009.

[3] In sentencing Mr. Workman, the Court found the 15-year minimum provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e), applicable.

[4] A 2009 amendment to Fed.R.App.P. 4, effective December 1, 2009, extends the time to file appeals from ten to fourteen days, with the removal of weekends and holidays from the count. See Fed.R.App.P. 4 advisory committee's notes to 2009 Amendments

2

of section 2255(f)(1), Mr. Workman had until July 30, 2010, to file a timely motion.  Mr. Workman's January 24, 2011, filing of the instant section 2255 motion is therefore not timely as it was filed nearly six months after the July 30, 2010, deadline.

Section 2255(f) provides that the one-year period runs from the latest of several dates, including subsection (1)'s provision for "the date on which the judgment of conviction becomes final." Under subsection (3), the one-year period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Under subsection (4), the one-year period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  Neither of these provisions apply herein as Mr. Workman has not identified any newly recognized right made retroactively applicable nor has he identified any facts that he could not have discovered at the time of his conviction.  Indeed, Mr. Workman fails to come forward with any new facts to support his motion.  Other than the state court dismissal addressed above, "new evidence" and "concealed documents" remain unidentified.  Further, all the facts necessary for the application of the 15-year statutory minimum under the Armed Career Criminal Act were known to Mr. Workman at the time of sentencing

---

("The times set in the former rule at 10 days have been revised to 14 days."); Fed.R.App.P. 26 advisory committee's note to 2009 Amendments ("Under new subdivision (a)(1), all deadlines stated in days (no matter the length) are computed in the same way.  The day of the event that triggers the deadline is not counted.  All other days - including intermediate Saturdays, Sundays, and legal holidays - are counted, with only one exception.  If the period ends on a Saturday, Sunday, or legal holiday, then the deadline falls on the next day that is not a Saturday, Sunday, or legal holiday.").

and he points to no facts that could not have been discovered at the time of his conviction that could have served as the basis for any ineffective assistance of counsel claim.

Mr. Workman's section 2255 motion fails for the additional reason that he has waived his right to collaterally attack his conviction and sentence. As part of his plea agreement, Mr. Workman agreed to "waive[] the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver." Plea Agreement, Case No. CR-08-62-FHS (Dkt No. 65). Such waivers of appellate rights are generally enforceable. United States v. Hahn, 359 F.3d 1315, 1318 (10th Cir. 2004)(en banc). In Hahn, the Tenth Circuit held that a waiver of appellate rights will be enforced as long as: (1) "the disputed appeal falls within the scope of the waiver of appellate rights"; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." Id. at 1325; see also United States v. Cockerham, 237 F.3d 1179, 1181-83 (10th Cir. 2001)(recognizing that waiver of collateral attacks brought under 28 U.S.C. § 2255 are generally enforceable where waiver is explicitly stated in plea agreement and both plea and waiver were knowingly and voluntarily made).

From a review of the Plea Agreement and the transcript of the plea and sentencing hearings, the Court concludes that the Hahn factors have been satisfied. First, Mr. Workman's motion is a collateral attack under section 2255 that does not involve the validity of his guilty plea or the appellate waiver. Mr. Workman's claim of ineffective assistance of counsel is a general one not tied to either his guilty plea or his appellate waiver. He merely

4

claims, without factual support, that he has been "denied his right to the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution." Such a claim falls within the scope of the waiver executed by Mr. Workman. Second, the clear language of the Plea Agreement, which was acknowledged and executed by Mr. Workman, and the plea colloquy establish that Mr. Workman knowingly and voluntarily waived his appellate and post-conviction rights. Third, Mr. Workman presents no evidence to suggest that enforcing the waiver would result in a miscarriage of justice. See United States v. Elliott, 264 F.3d 1171, 1173 (10th Cir. 2001)(listing four situations where enforcing an appellate waiver would result in a miscarriage of justice). Consequently, the Court concludes the waiver of appellate and post-conviction rights executed by Mr. Workman is enforceable.

Based on the foregoing reasons, Mr. Workman's Motion Under 28 U.S.C. § 2255 (Dkt. No. 1) is denied.

It is so ordered this 5th day of May, 2011.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma